Phe Chief Justice
delivered the opinion of the court.
Phere are altogether eight cases brought here on habeas corptis.
It appears by the petitions presented to us that the relators were respectively charged with the offense of assault and battery by information in the police court; that upon a plea of not guilty the judge of that court proceeded, without a jury, to hear the testimony and make a finding as to their guilt.. Finding them guilty in each instance, he sentenced each of them to pay a fine and also to a term of imprisonment in the District jail. Phe information in each of the cases charged the defendant with having made an assault upon a person named in the information and with having beat, wounded and ill treated the person so assaulted; in other words, the usual form of charging an assault and battery in an indictment was adopted in each instance. Phe question presented to us is whether the crime of assault and battery is one which at the date of the adoption of the Constitution of the United States was classed as a petty offense, and therefore *571 according to the decision of the Supreme Court of the Unitqd States in the case of The United States vs. Callan, not such a crime or offense as under the provisions of the Constitution, relating to trial by jury entitles the party charged to a trial by jury.
We have recently had a number of cases before us of this character — one where the defendant was charged with petty larceny, another where the party was charged with keeping a bawdy house; and in each case we held that the party was entitled to a jury, and therefore the trial and sentence of these parties, respectively, by the police court without a jury was unauthorized. At the time these relators were before the police court that court had no power to empanel a jury. We have consulted the numerous authorities cited by counsel, relating to the common law practice of England and in this country before the date of the adoption of the Constitution, and we are entirely satisfied that in England up to the date of the passage of the statute known as 9 Geo. 4, which was about 1830, assault and battery was prosecuted by indictment and the defendant tried by jury. We find no instance before that time where a party was charged with assault and battery and tried and finally sentenced by an inferior tribunal without a jury. There was probably before that time a period when assaults without battery or wounding were tried by inferior tribunals without a jury.
As far as we are advised and can ascertain, such was the practice in Maryland up to the date of the cession of this territory to the United States for the District of Columbia. We are therefore of the opinion that, where the party is charged with not only an assault but with beating and wounding, he is entitled to a trial by jury. That it necessarily must be by indictment does not follow, although that was the usual mode of trying such cases in England, but the grand jury may be dispensed with and an information substituted as has been done in these cases. That practice has been held by this court to be proper, and it in no wise interferes with the right given by the Constitution of the United States to a *572 trial by jury. It is beyond the power of Congress to enact a law for this District or elsewhere to punish an assault and battery without providing a trial by jury. The consequence is, that it becomes our duty to discharge these petitioners. It is hoped that when Congress has enacted the amendments that are proposed to the Act of 1891, providing a jury for the police court, we may have a settled rule as to the jurisdiction and power of that court over inferior offenses.